NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2009

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-50258 |
| Plaintiff - Appellee, | D.C. No. 2:06-cr-00660-GAF |
| v. |  |
| IBRAHIM A. YOUSEF, | MEMORANDUM[*] |
| Defendant - Appellant. |  |

Appeal from the United States District Court
for the Central District of California
Gary A. Feess, District Judge, Presiding

Argued and Submitted July 9, 2009
Pasadena, California

Before: WARDLAW, RAWLINSON and N.R. SMITH, Circuit Judges.

Appellant Ibrahim A. Yousef (Yousef) challenges the district court's denial

of his motion for a mistrial and motion for a new trial premised on the participation

of two alternate jurors during jury deliberations in violation of Federal Rule of

Criminal Procedure 24(c).

---

       *       This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

"We generally review the district court's denial of a motion for a mistrial for abuse of discretion." *United States v. Banks*, 514 F.3d 959, 973 (9th Cir. 2008) (citations omitted). "We [also] review for abuse of discretion a district court's denial of a motion for a new trial." *United States v. Moses*, 496 F.3d 984, 987 (9th Cir. 2007) (citations omitted).

The participation of the alternate jurors in jury deliberations was no doubt a violation of Federal Rule of Criminal Procedure 24(c). *See United States v. Olano*, 507 U.S. 725, 737 (1993). However, the mere presence of alternate jurors does not warrant a reversal, given appropriate jury instructions. *See id.* at 740-41. When a district court instructs a newly reconstituted jury to begin deliberations anew, we should presume that the jury's deliberations conformed to that instruction. *See United States v. McFarland*, 34 F.3d 1508, 1514 (9th Cir. 1994); *see also Olano*, 507 U.S. at 740 ("It is the almost invariable assumption of the law that jurors follow their instructions.") (citation and alteration omitted). The district court, therefore, did not abuse its discretion when it denied Yousef's motion for a mistrial and motion for a new trial. Once alerted to the violation, the district court immediately removed the alternate jurors from the deliberations; the alternate jurors' testimony reflected that their participation was not significant; and the

2

district court properly instructed the jury to restart its deliberations and to ignore any contributions made by the alternate jurors.

**AFFIRMED.**